

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Feb. 15, 1945

Hon. Thos. J. Hightower
District Attorney
75th Judicial District
Liberty, Texas

Dear Sir:

Opinion No. C-6416
Re: Whether the Legislature
can enact a valid statute
separating the office of
sheriff, tax assessor-
collector of Chambers
County, which has a popu-
lation of less than 10,000
inhabitants, according to
the last preceding Federal
Census.

Your letter of February 8, 1945, requesting the opinion
of this department on the question stated therein, is as follows:

"Chambers County has approximately Twenty-three
Million Valuation and 6,000 population. Could the
Legislature pass a law permitting the separation of
the Sheriff's office of Chambers County from the
office of Tax Collector and Assessor?

"The Commissioners' Court of Chambers County
have informed me that they have passed a resolution
asking that the two offices be separated, and are
anxious to get the Legislature to enact a law per-
mitting the County to separate the two offices if
it can be done.

"I would appreciate your favoring me with a
legal opinion on this case at your earliest con-
venience."

Chambers County has a population of 7,511 inhabitants according to the 1940 Federal Census. Section 16 of Article VIII of the State Constitution provides:

"The sheriff of each county in addition to his other duties shall be the assessor and collector of taxes therefor; but, in counties having ten thousand (10,000) or more inhabitants, to be determined by the last preceding Census of the United States, an assessor and collector of taxes shall be elected to hold office for two (2) years and until his successor shall be elected and qualified."

Article 7246, Vernon's Annotated Civil Statutes, is as follows:

"In each county having less than ten thousand (10,000) inhabitants, the sheriff of such county shall be the assessor and collector of taxes, and shall have and exercise all the rights, powers and privileges, be subject to all the requirements and restrictions, and perform all the duties imposed by law upon assessors and collectors; and he shall also give the same bond as required of the assessor and collector of taxes elected."

It will be noted that Section 16 of Article VIII of the Constitution expressly provides that the sheriff of each county in addition to his other duties shall be the assessor and collector of taxes therefor; but in counties having 10,000 or more inhabitants, to be determined by the last preceding Census of the United States, an assessor and collector of taxes will be elected to hold office for two years and until his successor shall be elected and qualified. It is clear that the sheriff of each county having a population of less than 10,000 inhabitants, according to the last preceding Federal Census, in addition to his other duties, shall perform the duties of assessor and collector of taxes therefor.



It is stated in Texas Jurisprudence, Vol. 9, page 424:

"With respect to statutes, a distinction has been drawn between provisions which are mandatory and provisions which are merely directory; and it has been questioned as to whether the same is true in respect of constitutional provisions. While the decisions of the courts of other states disclose a conflict of opinion on the point, some authorities asserting that not every provision is mandatory, the great weight of authority seems to be the other way, holding that the courts, nor any other department of the government are at liberty to regard any provision of the constitution as merely directory, but that each and every of its provisions must be treated as imperative and mandatory, without reference to the rules distinguishing between directory and mandatory statutes. The Texas Courts have uniformly held, apparently, that constitutional provisions are always mandatory. In any event, the only provisions which affect the validity of statutes are those which are mandatory or prohibitive."

In view of the foregoing, you are respectfully advised that it is the opinion of this department that the Legislature cannot enact a valid statute permitting or authorizing the separation of the sheriff's office of Chambers County from the office of tax assessor and collector. Stated differently, it is our opinion that the Legislature cannot enact a valid statute exempting the sheriff in a county having a population of less than 10,000 inhabitants, according to the last preceding Federal Census, from performing the duties of assessor and collector of taxes, that are imposed by Sec. 16, Art. VIII of the Constitution, for his county.

This department has repeatedly held that a sheriff in a county having a population of less than 10,000 inhabitants, according to the last preceding Federal Census, holds only one office, and that in performing the additional duties of assessor and collector of taxes, he is not holding two offices but is holding only one office and performing the additional duties imposed upon him by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:rt

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN